UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
MICHAEL CHERRY,

                Plaintiff,

   -against-

NEW YORK STATE, ANDREW CUOMO, in his official capacity as Governor of the State of New York, MICHAEL BLOOMBERG, in his official capacity as MAYOR OF THE CITY OF NEW YORK, NEW YORK STATE DEPARTMENT OF PROBATION, ROBERT MACARRONE, in his official capacity as director of the New York State Department of Probation and Correctional Alternatives, NEW YORK CITY DEPARTMENT OF PROBATION, VINCENT SCHIRALDI, in his official capacity as Commissioner of the New York City Department of Probation, MIDGETTE A., in her official capacity as officer of the New York City Department of Probation, J. ROWLAND, as officer and supervisor of New York City Department of Probation,

                Defendants.
-------------------------------------------------------

**MEMORANDUM**
Case No. 11-CV-2255 (FB) (RML)

*Appearances*:
*For the Plaintiff*:
MICHAEL CHERRY, *pro se*
663 East 79th Street
Brooklyn, New York 11236

*For Defendant New York City Department of Probation*:
JOSEPH ANTHONY MARUTOLLO, ESQ.
New York City Law Department
100 Church Street
New York, New York 10007

**BLOCK, Senior District Judge:**

      Michael Cherry, the plaintiff in this action under 42 U.S.C. § 1983, initially

proceeded through counsel. On March 28, 2012, however, Magistrate Judge Levy granted counsel's motion to withdraw. Cherry was given until May 11, 2012, to advise the Court whether he intended to pursue the lawsuit, either through new counsel or *pro se*.

Cherry did not respond. Nor did he respond to a motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by the New York City Department of Probation ("the City"). On June 12, 2012, Magistrate Judge Levy once again directed Cherry to state his intent and warned that failure to do so by June 22nd might result in dismissal for failure to prosecute. Cherry once again failed to respond. The City now moves, pursuant to Federal Rule of Civil Procedure 41(b), to dismiss for failure to prosecute.

When considering dismissal as a sanction for failure to prosecute, a district court must consider "whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). Here, however, those factors are inapposite; the question is not whether Cherry should be sanctioned for failing diligently to pursue his suit, but simply whether he intends to do so.

Based on Cherry's silence, the Court must infer that he has abandoned his suit. And although the City is the only moving defendant, the inference applies to the suit

in its entirety. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, *sua sponte*, dismiss an action for lack of prosecution[.]"). Accordingly, the complaint is dismissed.

**SO ORDERED.**

/s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 19, 2012